**Larry ROSS and Charles Williams, d/b/a Ross and Williams, Appellants,**

**v.**

**Curtis J. FAWCETT and Molly Cliett Fawcett, Appellees.**

**No. 8815.**

Court of Civil Appeals of Texas, Texarkana.

July 22, 1980.

Edith Roberts, Austin, for appellants.

E. Richard Criss, Jr., Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

CORNELIUS, Chief Justice.

Curtis J. Fawcett and his wife, Molly Fawcett, brought this suit against Larry Ross and Charles Williams, individually and

as partners of Ross and Williams, for specific performance of a contract for the construction of a new home and for damages based on breach of contract and on violations of the Deceptive Trade Practices Act. The Fawcetts alleged that Ross and Williams had failed and refused to complete the house in accordance with the terms of the contract, that they had failed to complete the house in a good and workmanlike manner, and that it would take $3,000.00 to complete the house according to the terms of the contract. This suit sought to compel the defendants to either complete the house according to the terms of the contract or to convey it to the plaintiffs for the contract price less the cost of repairs. Ross and Williams answered with a general denial and cross–claimed that the Fawcetts be compelled to specifically perform under the contract and to respond in damages resulting from their failure to perform.

The jury failed to find any issues in favor of the Fawcetts. Based on the verdict, the court entered a take nothing judgment against the Fawcetts and granted Ross and Williams' request for specific performance, ordering them to convey the subject property by a fully executed warranty deed to the Fawcetts in exchange for full payment of the contract price of $38,882.50.

Ross and Williams present two points of error for review. The first point states: "The Court erred in rendering judgment for specific performance of the contract because of insufficiency of evidence." The second point asserts that the court erred in ordering specific performance because the Fawcetts had an adequate remedy at law. Ross and Williams do not appeal from the failure of the trial court to award them damages.

Appellants are not entitled to complain of the order for specific performance of the contract, in view of the fact that they prayed for such an order. *Grubstake Inv. Ass'n. v. Southern Natural Gas Co.*, 20 F.2d 1 (5th Cir. 1927); 5 C.J.S. *Appeal & Error* § 1510 (1958).

The judgment of the trial court is affirmed.